# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKY HILL, : | |
| Plaintiff : | |
| v. : | Civil Action No. |
| VEECO INSTRUMENTS, INC., : | |
| Defendant : | |

## NOTICE AND PETITION FOR REMOVAL

To: Kate Barkman, Clerk of Court
U.S. District Court for the Eastern District of Pennsylvania
2609 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1797

Mark R. Natale, Esq.
Christian J. Hoban, Esq.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002

Defendant Veeco Instruments, Inc. ("Veeco" or "Defendant"), by and through its attorneys of record, Jackson Lewis P.C., hereby removes the action captioned *Vicky Hill v. Veeco Instruments, Inc.*, bearing Docket Number 2026-00365 and currently pending in the Court of Common Pleas, Montgomery County, Pennsylvania (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

1

## TIMLINESS OF REMOVAL

1. On January 8, 2026, Plaintiff commenced the State Court Action by filing a Complaint against Defendant, alleging, *inter alia*, wrongful termination/wrongful discharge under Pennsylvania's Workers' Compensation Act. [*See generally* Ex. A, Complaint].

2. Defendant was served with a copy of the Complaint on January 12, 2026.

3. This Notice and Petition for Removal has been timely filed under 28 U.S.C. §1446(b)(1) because Defendant has effected removal within thirty (30) days of service of the Complaint.

4. Defendant has not filed an answer or any other pleading in the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit A. This document constitutes all "pleadings and orders" in the State Court Action to date.

## PROPER VENUE

6. "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

7. The Court of Common Pleas, Montgomery County, is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

8. As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

9. Venue is also proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions alleged in the Complaint occurred within that judicial district.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff's counsel and will file a copy of this Notice of Removal with the Prothonotary of the state court in which the State Court Action is currently pending.

11. This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

12. Defendant reserves all defenses currently available to it, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of the instant Notice of Removal.

## **REMOVAL BASED ON DIVERSITY JURISDICTION**

13. Removal can be based on diversity of citizenship of the parties. *See* 28 U.S.C. at § 1441(b).

14. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), which provides that the United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

15. Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

16. First, complete diversity of jurisdiction exists because Plaintiff and Defendant are citizens of different states.

17. As set forth in the Complaint, Plaintiff is an adult individual currently residing in Philadelphia, Pennsylvania. [Ex. A, Complaint, at ¶ 1].

18. As a corporation, Defendant's citizenship is determined by its state of incorporation and its principal place of business. *See Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 450-51 (E.D. Pa. 2019) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)).

19. Defendant is a citizen of both Delaware and New York. Specifically, Defendant is incorporated in Delaware and has a principal place of business at 1 Terminal Drive, Plainview, New York. *See* 28 U.S.C. § 1332(c)(1).

20. Accordingly, there is complete diversity of citizenship between Plaintiff, a citizen of Pennsylvania, and Defendant, a citizen of Delaware and New York.

21. Second, the amount at issue exceeds the threshold of $75,000.

22. "When, as here, the parties are citizens of different states, this Court has diversity jurisdiction if the amount in controversy exceeds $75,000." *Ciancaglione v. Sutherlin*, No. 04-CV-2249, 2004 U.S. Dist. LEXIS 18589, at *3 (E.D. Pa. Sep. 13, 2004).

23. The entire amount in controversy, while not specifically enumerated in Plaintiff's Complaint, appears to contemplate an amount exceeding the amount in controversy requirement as described below.

24. A defendant need only "establish to a legal certainty that the plaintiff could recover at least the statutory minimum amount in controversy." *Ciancaglione*, 2004 U.S. Dist. LEXIS 18589, at *3-4 (internal citations omitted).

25. A defendant "merely needs to show that it does not appear to a legal certainty that the amount in controversy falls below the applicable jurisdictional amount." *Id.* at *4 (citing 14C Charles Alan Wright et al., Federal Practice and Procedure § 3725 (3d ed. 1998)).

26. When removal is based on 28 U.S.C §1332(a) and the Complaint is silent on a specific amount of damages being sought, "[t]he amount in controversy is . . . decided from the face of the complaint itself." *Rosenfield v. Forest City Enters., L.P.,* 300 F. Supp. 3d 674, 677 (E.D. Pa. 2018) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)).

27. The amount in controversy is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Id. (quoting *Angus*, 989 F.2d at 146).

28. In this matter, a reasonable reading of the Complaint supports Defendant's position that the amount in controversy exceeds $75,000.

29. Here, Plaintiff seeks to recover compensatory and punitive damages and "other relief the Court may deem appropriate under the circumstances" "in excess of $50,000." (Ex. A, Complaint, at *Ad Damnum* Clause).

30. It is more than plausible that the amount in controversy for Plaintiff's claims against Defendant exceeds $75,000.[1] *See Dart Cherokee Basin Operation Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

31. Accordingly, this action is one over which the United States District Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship among all

---

[1] Defendant denies the validity and merit of Plaintiff's claims, including the damages claimed, the legal theory upon which her claims are purportedly based, and the claims for monetary and other relief that flow from them, but properly uses Plaintiff's alleged theories to demonstrate that it is more probable than not the amount in controversy exceeds $75,000. "If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation. . . . That the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Zanetich v. Wal-Mart Stores E., Inc.*, 123 F.4th 128, 152 n.2 (3d Cir. 2024) (quoting *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

parties in the State Court Action and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**WHEREFORE**, based on the foregoing, Defendant hereby removes the State Court Action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.

>
> Respectfully submitted,
>
> **JACKSON LEWIS P.C.**
>
> */s/ Stephanie Peet*
> Stephanie J. Peet (PA No. 91744)
> Nicole T. DuGan (PA No. 330228)
> Three Parkway, Suite 1350
> 1601 Cherry Street
> Philadelphia, PA 19102
> T: (267) 319- 7802
> stephanie.peet@jacksonlewis.com
> nicole.dugan@jacksonlewis.com
>
> *Attorneys for Defendant*

Dated: 2/10/26

## **CERTIFICATE OF SERVICE**

I, Stephanie J. Peet, Esq., do hereby certify that on this 10th day of February, 2026, I caused a true and correct copy of the foregoing Notice and Petition for Removal, and accompanying documents, to be served via this court's electronic filing system, electronic mail, and U.S. First Class mail on the following:

Mark R. Natale, Esq.
Christian J. Hoban, Esq.
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
mnatale@malamutlaw.com
christian@malamutlaw.com

*/s/ Stephanie Peet*
Stephanie J. Peet, Esq.

4909-9003-0221, v. 1